Nolletti v Nolletti

2026 NY Slip Op 02994

May 13, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Carla Nolletti, et al., plaintiffs-respondents,

v

Cynthia Joy Nolletti, et al., appellants, Carla Bialik, nominal defendant-respondent, et al., nominal defendant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 13, 2026

2024-08816, (Index No. 69867/23)

Mark C. Dillon, J.P.

William G. Ford

Deborah A. Dowling

Susan Quirk, JJ.

Bleakley Platt & Schmidt, LLP, White Plains, NY (Stephen J. Brown of counsel), for appellants.

Meister Seelig & Fein PLLC, New York, NY (Kevin Fritz of counsel), for plaintiffs-respondents.

[*1]

DECISION & ORDER

In an action, inter alia, for a judgment declaring invalid corporate meetings held outside the presence of the nominal defendant Carla Bialik, the defendants appeal from an order of the Supreme Court, Westchester County (David Everett, J.), dated August 2, 2024. The order, insofar as appealed from, granted the plaintiffs' motion for a preliminary injunction to the extent of enjoining the defendants from engaging in certain activity and denied that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint.

ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents, the plaintiffs' motion for a preliminary injunction is denied, and that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint is granted.

Albert Nolletti (hereinafter the decedent) died in October 2020. The decedent was the sole owner and founder of Alno Gedney Farms, Inc. (hereinafter the company), an agricultural nursery business located in White Plains. The decedent's will bequeathed equal shares of the company to his five children. The will omitted the decedent's surviving spouse, the nominal defendant Carla Bialik, pursuant to a prenuptial agreement under which Bialik waived her interest in the decedent's estate. In February 2021, Bialik challenged the validity of the prenuptial agreement and filed a notice of election of the spousal elective share in the Surrogate's Court.

In October 2023, the plaintiffs, Carla Nolletti and David Nolletti, commenced this action and moved for a preliminary injunction. The plaintiffs alleged, among other things, that their siblings, the defendants, Cynthia Joy Nolletti, Loralee Nolletti, and Julie Nolletti, had improperly planned a "Special Meeting of Shareholders" to exclude the plaintiffs from their roles as directors and officers of the company, to replace the company's legal counsel and accountants, and to make fundamental changes that would "irreparably harm" the plaintiffs and the company. The plaintiffs argued that the defendants should not be permitted to vote on such changes until Bialik's inheritance rights had been determined by the Surrogate's Court, as that determination could affect the [*2]defendants' majority share in the company. The defendants thereafter moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint on the ground, among others, that the plaintiffs lack standing.

In an order dated August 2, 2024, the Supreme Court, among other things, granted the plaintiffs' motion for a preliminary injunction to the extent that the defendants were enjoined from (1) holding or participating in any vote of shareholders that would have the potential to, inter alia, materially alter the day-to-day operations of the company from the status quo, and (2) exercising any rights to assign, sell, transfer, divest, or dispose of shares of the company whose ownership is subject to the claim of Bialik. The court also denied that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint. The defendants appeal.

"To be entitled to a preliminary injunction, a movant must establish (1) a probability of success on the merits, (2) a danger of irreparable injury in the absence of an injunction, and (3) a balance of the equities in the movant's favor" (Boyd v Assanah, 210 AD3d 855, 856 [internal quotation marks omitted]; see CPLR 6301). "While the existence of issues of fact alone will not justify denial of a motion for a preliminary injunction, the motion should not be granted where there are issues that 'subvert the plaintiff's likelihood of success on the merits . . . to such a degree that it cannot be said that the plaintiff established a clear right to relief'" (Corporate Coffee Sys., LLC v R.U.G. Consulting, LLC, 235 AD3d 829, 830 [internal quotation marks omitted], quoting Matter of Advanced Digital Sec. Solutions, Inc. v Samsung Techwin Co., Ltd., 53 AD3d 612, 613).

Here, the plaintiffs' motion for a preliminary injunction was predicated on their assumption that Bialik would acquire shares in the company as part of her elective share of the decedent's estate (see EPTL 5-1.1-A) and that, upon so doing, Bialik would support the plaintiffs' position with respect to management of the company. However, the plaintiffs admit that Bialik had not indicated a position on the management issue. Consequently, the plaintiffs' speculative claim did not meet their burden to establish a clear right to preliminary injunctive relief (see Matter of Advanced Digital Sec. Solutions, Inc. v Samsung Techwin Co., Ltd., 53 AD3d at 613). Accordingly, the Supreme Court should have denied the plaintiffs' motion for a preliminary injunction.

"On a defendant's motion to dismiss the complaint based upon the plaintiff's alleged lack of standing, the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing" (Golden Jubilee Realty v Castro, 196 AD3d 680, 682 [internal quotation marks omitted]). "[S]tanding . . . concerns the absence or presence of a sufficiently cognizable stake in the outcome of the litigation" (Nicke v Schwartzapfel Partners, P.C., 148 AD3d 1168, 1171). "Thus, to demonstrate standing, a plaintiff must establish that he or she will actually be harmed by the challenged action, and that the injury is more than conjectural" (Westhampton Beach Assoc., LLC v Incorporated Vil. of Westhampton Beach, 151 AD3d 793, 795 [internal quotation marks omitted]). "A party 'generally has standing only to assert claims on behalf of himself or herself'" (Cardo v Board of Mgrs., Jefferson Vil. Condo 3, 67 AD3d 945, 946, quoting Caprer v Nussbaum, 36 AD3d 176, 182).

Here, the plaintiffs contend that, as directors and shareholders of the company, they have standing to maintain this action. However, the plaintiffs' claims in this action all rely upon Bialik's potential interest in the company, not their own interests as shareholders, and the plaintiffs have no legal right to assert a claim on Bialik's behalf (see id.). Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint.

In light of the foregoing, we need not reach the defendants' remaining contentions.

DILLON, J.P., FORD, DOWLING and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court